SINGER MANUFACTURING COMPANY v. CITY NATIONAL
BANK et al.

(Filed 30 October, 1907).

**Purchaser for Value—Consideration—Immorality or Illegality.**

The jury having found that defendant Fuller was a purchaser
in good faith, for a valuable consideration, without notice, of a
cashier's check, procured from defendant bank by plaintiff's agent
in depositing plaintiff's money to his individual credit, the verdict
will not be disturbed when the evidence of the consideration sup-
ports the finding, and when there is insufficient evidence of im-
morality or illegality.

CIVIL ACTION, heard by *Ward, J.,* at February Term, 1907,
of the Superior Court of GUILFORD County.

This is an action brought by the plaintiff to recover a sum
of money belonging to plaintiff and deposited by its agent,
Summers, to his individual credit, in defendant bank. Sum-
mers procured a cashier's check, drawn by the cashier of de-
fendant bank in Summers' favor, and endorsed it to the de-
fendant Fuller. Plaintiff enjoined the payment of the check
to Fuller. Upon the pleadings his Honor, *Judge Ward,* pre-
siding, submitted the following issue to the jury: "Was the
defendant Fuller a purchaser of the check in good faith, for
valuable consideration and without notice of any infirmity in
the instrument or defect in the title of Summers? Answer:
Yes."

*King & Kimball* and *Thomas S. Beall* for plaintiff.
*John A. Barringer, W. P. Bynum, Jr.,* and *T. H. Calvert*
for defendants.

PER CURIAM: A careful examination of the record in this
case has led us to conclude that no formal opinion is necessary.
The issue involved purely a question of fact, and that has
been decided against the plaintiff under a clear charge, free
from error. The contention so earnestly pressed, that the tes-
timony of the defendant Fuller shows that a small part of the

consideration for the assignment to him of the cashier's check was an immoral and illegal consideration, is not supported by the record. The fact that Fuller admitted that he received $150 from Summers for the purpose of making a trip to Georgia and securing witnesses for Summers in his pending divorce suit against his wife does not justify the conclusion, in the absence of other evidence, that Fuller was to secure false and suborned testimony or to do any other act for Summers that was corrupt and against the policy of the law.

The judgment of the Superior Court is

Affirmed.