[L. A. No. 4568. Department Two.—August 12, 1918.]

D. W. HARE, Respondent, v. A. L. McGUE, Appellant.

HUSBAND AND WIFE—AGREEMENT FOR DIVORCE—INVALIDITY OF.—The law is extremely solicitous about the maintenance of the marriage relation, and will not tolerate or sanction any contract which by its terms or obvious tendency has for its object the securing of a divorce.

ID.—PROCURING OF EVIDENCE—WHEN CONTRACT FOR ILLEGAL.—A contract is void whereby one agrees to obtain or procure testimony of certain facts which will successfully support or defeat a lawsuit, or which provides that payment to the party procuring such testimony is to be contingent upon the result of the action for which he is engaged to procure it.

ID.—PROCURING OF INFORMATION—SEARCH FOR WITNESSES—VALID CONTRACT.—A person has a right when threatened with litigation, or desiring himself to sue, to employ assistance with a view of ascertaining facts as they exist, and to hunt up and procure the attendance of witnesses who know of facts and will testify to them, whether the action be one of divorce or of any other character.

ID.—DIVORCE ACTION — PROCURING OF WITNESSES — CONTRACT NOT AGAINST PUBLIC POLICY.—The employment by a husband of third persons to locate, interview, and secure witnesses to testify in his behalf in a divorce action, for a fixed compensation, regardless of whether they obtain any information or procure any witnesses, is not against public policy.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

Thomson & Spencer, and A. P. Thomson, for Respondent

LORIGAN, J.—This action was brought by plaintiff in his own behalf and as assignee of one John M. Robinson, to recover the value of personal services rendered by both to defendant and for money expended by plaintiff in his behalf.

Differences had arisen between defendant and his wife, and she threatening an action for divorce, he, with a view of making a defense thereto, employed plaintiff and Robinson, the

former to look up the acts and conduct and past history of the wife and her conduct and life during his employment, and to locate, interview, and secure witnesses to testify on behalf of defendant; also to advise and consult with defendant concerning said action and to direct certain of his business affairs. Robinson was employed and directed to watch and shadow the wife of defendant, to ascertain her conduct, habits, and companions, and to secure the names and whereabouts of certain witnesses defendant desired to testify in his behalf in said divorce action. The court made findings of fact as above recited and entered a judgment in favor of plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

While in the transcript there are various assignments of error, the sole point urged here by appellant for a reversal is that the contracts made the basis of the cause of action and as found by the court are contrary to public policy and void, and no recovery should have been had upon them. In elaboration of this proposition of law appellant asserts that any contract between parties which has for its object the dissolution of the marriage relation, or facilitating that result, is contrary to good morals and void; that further, any contract having for its object the procurement of testimony for the purpose of securing a divorce, is illegal and void.

There can be no question about the legal proposition asserted by appellant. We must accept as clearly established that the law is extremely solicitous about the maintenance of the marriage relation, and will not tolerate or sanction any contract which by its terms or obvious tendency has for its object the securing of a divorce. The further proposition, extending, however, not particularly to divorce suits, but to all kinds of litigation, is equally true, that a contract is void whereby one agrees to obtain or procure testimony of certain facts which will successfully support or defeat a lawsuit, or which provides that payment to the party procuring such testimony is to be contingent upon the result of the action for which he is engaged to procure it. It is the element of payment contingent on the success of the litigation in which the evidence is to be produced, or the fact that the agreement is to procure evidence not of facts as they exist, but of particular facts necessary to the success of the party litigant who contracted for their production, which vitiates the contract. It is the

contingency on the one hand and the agreement to furnish a given set of facts essential to a successful litigation on the other, and both of which in their nature are calculated to induce false charges and the production of perjured testimony, to subvert the truth and pervert justice through fraud, trickery, and chicanery at the hands of unscrupulous private detectives on other conscienceless persons, which has impelled the law, with wisdom, to declare such contracts illegal. (*Patterson* v. *Donner*, 48 Cal. 369; *Lyon* v. *Hussey*, 82 Hun, 15, [31 N. Y. Supp. 281].)

Now, while appellant sets forth quite extensively in his brief cases (in addition to the above) in support of these principles, he does not point out how the particular contracts entered into between the plaintiff and appellant here, and with Robinson, are brought under the ban of the rule, and our examination of the findings and the evidence show no analogy between the facts as recited in the cited cases and the case at bar. Certainly, there is no rule of law which precludes a party in a divorce action or in any other action from employing a person to do detective work or in a divorce action itself to search for witnesses or to procure existing testimony either to support or defend such an action, or to acquire information of the past conduct or life of either spouse, or to set a watch upon the personal acts or associates of either. Anyone has a right when threatened with litigation, or desiring himself to sue, to employ assistance with a view of ascertaining facts as they exist, and to hunt up and procure the presence of witnesses who know of facts and will testify to them, and this is true whether the action be one of divorce or of any other character. (*Neece* v. *Joseph*, 95 Ark. 522, [Ann. Cas. 1912A, 655, 30 L. R. A. (N. S.) 278, 129 S. W. 797] ; *Quirk* v. *Miller*, 14 Mont. 467, [43 Am. St. Rep. 647, 25 L. R. A. 87, 36 Pac. 1077].) Any other rule would leave the parties in a divorce suit, and every other suit, restricted to their own individual efforts to obtain existing evidence which would be absurd. Examining now the contracts by the defendant with plaintiff and Robinson, there was no element in either of them contravening public policy. The compensation of neither was contingent. They were to be paid whether they ascertained facts or procured witnesses to testify to them or not. There was nothing contingent on the result of the divorce suit. Neither did they agree, nor were they asked by appellant, to procure witnesses

to testify to any particular state of facts, but only to obtain from witnesses information of what they knew, and report the matters to the attorneys for appellant. They were not informed on their employment of the names of the witnesses nor what they were expected to testify to, and only ascertained both these things while working under their employment. Particular stress is placed by appellant on testimony of plaintiff as to the seeking out and production of a certain witness designated "a red-headed dressmaker." As to this witness, however, all that plaintiff agreed to do was, at the express request of appellant, to attempt to find her. The assumption that plaintiff was to obtain particular evidence of certain things from her is unwarranted. It clearly appeared that plaintiff did not know this person. He did not agree to get her to testify to any particular facts or, in truth, to testify at all. His mission was only to find her, the defendant saying that if he could find her, he (defendant) could get evidence from her himself. Plaintiff found her and she was taken in charge by defendant. This is all there was to that matter. Taking the case in its entirety, there was nothing agreed to be done, and nothing actually done, under the contracts of plaintiff and Robinson with defendant which was not entirely proper and legitimate, and the trial court correctly so held.

The judgment and order appealed from are affirmed.

Wilbur, J., and Melvin, J., concurred.