[No. 15978.   Department Two.   December 28, 1920.]

JOSEPH DUTEAU, *Appellant,* v. ARTHUR C. DRESBACH, *Respondent.*[1]

CONTRACTS (49)—VALIDITY—PUBLIC POLICY—PERVERTING JUSTICE. A contract by an attorney prosecuting a case upon a contingent fee, to pay part of his fee for collecting and procuring testimony to be used in the case, dependent upon the result of the suit, is void as against public policy and will not be enforced by the courts.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 10, 1920, dismissing an action on contract, upon granting a motion for judgment on the pleadings. Affirmed.

*R. B. Brown,* for appellant.

*Benton Embree,* for respondent.

MOUNT, J.—This appeal is from a judgment on the pleadings rendered by the lower court, upon motion of the defendant. The plaintiff has appealed.

[1]Reported in 194 Pac. 547.

The appellant's complaint in substance alleges, that in the year 1907, one Albert E. Tills was injured in an accident on the Great Northern Railroad in this state and was thereby greatly damaged; that the defendant, Arthur C. Dresbach, was at the time engaged as a practicing attorney at the bar of the courts of this state, and was employed as such attorney by said Albert E. Tills, to prosecute an action against the Great Northern Railway Company for damages on account of the injury to Mr. Tills; that, pursuant to that employment, Mr. Dresbach did bring an action and procured a judgment in the sum of $20,000 against the railroad company; that this judgment, together with interest, was collected by Mr. Dresbach, and from the proceeds thereof, he received the sum of $10,000 for his attorney's fee in that cause; that at the time Mr. Dresbach was employed by Mr. Tills, it was agreed between the appellant and Mr. Dresbach, that the appellant would hunt up testimony and evidence in behalf of A. E. Tills, in order that said Dresbach might be able to secure a judgment in said cause, and would seek out the witnesses and keep in touch with them, find all the evidence and testimony with reference to the merits of said action and bring the same to said Arthur C. Dresbach, and assist in every way possible to obtain judgment against the Great Northern Railway Company; that said Arthur C. Dresbach agreed to pay to the appellant one-half of all the fees that the said Dresbach should obtain in that cause; that the appellant devoted his entire time traveling over the state and obtained evidence in support of the claim of the plaintiff in that case, found all the witnesses and kept in touch with them, and brought said witnesses and testimony to the said Dresbach; that upon their evidence the judgment was secured; that Dres-

bach has not paid the appellant one-half of his attorney's fees received in that case, but has paid only the sum of $265, and alleges that there remains due $4,735, for which he prays judgment.

A demurrer to this complaint was overruled and thereupon the respondent answered the complaint, admitting his employment by Mr. Tills and that he recovered the judgment of $20,000 and received one-half thereof as his fees, but denied that he had made any contract to divide his fees with the appellant. As an affirmative defense, he alleged that he was employed by Mr. Tills as an attorney to prosecute the action against the Great Northern Railway referred to in the complaint; that, pursuant to that employment, he prosecuted the case to judgment and received his fees and compensation for his services in the sum of $10,000; that in that case it was agreed between Tills and respondent that respondent should receive as his fees one-half of whatever amount should be recovered in said cause by Tills against the Great Northern Railway Company, and in the event nothing was so recovered, then the respondent should receive no compensation for his services in that cause, which agreement was at all times known to appellant. After this answer was filed, and no reply was made thereto, the respondent moved the court for a judgment on the pleadings, upon the ground that the pleadings showed that the contract, alleged in the plaintiff's complaint to have been entered into between the respondent and appellant, is in contravention of public policy and unenforcible and void. The court took that view of the pleadings and granted judgment in favor of the respondent, and dismissed the action.

It is argued by appellant that the court erred in sustaining the motion for judgment on the pleadings. His

reason therefor, as we gather from the brief, is that the alleged contract between the respondent and the appellant was denied by the respondent's answer. It is argued that, because of this denial, there was a question for the jury as to whether such a contract was entered into. The affirmative defense alleges, in substance, that the respondent took the case of Mr. Tills against the Great Northern Railway Company upon a contingent fee of one-half thereof and in case of no recovery there was no fee, and that the appellant knew of that contract. This defense must be taken as true because no answer was made thereto. The only issue left in the case, therefore, was whether or not the respondent entered into a contract with the appellant to divide his fee with the appellant, upon his agreement to seek out the evidence, "in order that said defendant might be able to secure a judgment in said cause," knowing that Mr. Dresbach's fee was contingent upon a judgment being secured. We have no doubt that a contract of this kind is against public policy and void. The rule is stated in 6 R. C. L. 757, § 164, as follows:

"Contracts to pay for collecting and procuring testimony to be used in evidence, coupled with the condition that the contractee's right to compensation depends upon the character of the testimony procured or upon the result of the suit in which it is to be used, have been universally condemned by the courts as contrary to public policy, for the reason that such agreements hold out an inducement to commit fraud or procure persons to commit perjury. The contracts themselves are pernicious in their nature. They create a powerful pecuniary inducement on the part of the agents so employed that the testimony should be given of certain facts, and that a particular result should be had."

If the allegations of the complaint in this case are true, and if the allegation of the affirmative answer is also true, which we think must be admitted under the pleadings here, then that rule applies with all its force to this case, for here Mr. Dresbach was employed upon a contingent fee to prosecute the case of Tills against the Great Northern Railway Company. In case he succeeded, he was to obtain one-half of the recovery. In case he did not succeed, he was to receive no fee. The appellant in this case knew of these facts and undertook to furnish testimony in order that Mr. Tills might secure judgment. His right to compensation depended upon the character of the testimony which he might procure and upon the result of the suit. Such contract clearly comes within the rule above stated.

In *Reed v. Johnson*, 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404, we said, quoting from 22 Am. & Eng. Ency. Law, p. 1014, par. 4:

"Equity will not assume jurisdiction to compel the specific performance of a contract that is illegal in any of its features. If the nature of the contract is such that its enforcement would be in violation of public policy, specific performance will not be granted. The least taint of illegality or want of equity will preclude a decree."

In *Delbridge v. Beach*, 66 Wash. 416, 119 Pac. 856, we said:

"It is a well-settled principle of law that agreements against public policy and sound morals will not be enforced by the courts."

After citing a number of authorities, and quoting from *Brown v. First Nat. Bank*, 137 Ind. 655, 37 N. E. 158, 24 L. R. A. 206, we said:

" 'It follows, to state the rule comprehensively, that all agreements relating to proceedings in the courts, civil or criminal, which may involve anything incon-

sistent with the full and impartial course of justice therein are void, though not open to the charge of actual corruption.  3 Am. & Eng. Enc. Law 879-881; Bish. Cont. § 549.  And this is true regardless of the good faith or intent of the parties at the time the contract was entered into, or the fact that no evil resulted by or through the contract'."

In *Lewer v. Cornelius,* 72 Wash. 124, 129 Pac. 911, we said:

"A court will not knowingly aid in the furtherance of an illegal transaction.  And in harmony with this principle, it does not concern itself as to the manner in which the illegality of a matter before it is brought to its attention.  If such illegality appears in the pleadings of either party, it will not inquire into the technical accuracy of such pleading; if it appears in the statement of witnesses at the trial, it will not inquire into the technical admissibility of such statement as evidence, but will, in either case, start an inquiry of its own, and if it be found that the differences which it is called upon to adjudicate arise out of an illegal transaction, it will leave the parties where it found them, to work out their differences as best they may." (Citing a number of cases.)

In *Eggleston v. Pantages,* 103 Wash. 458, 175 Pac. 34, we said:

"It is well settled that agreements against public policy and sound morals will not be enforced by the courts.  It is a general rule that all agreements relating to proceedings in courts which may involve anything inconsistent with full and impartial course of justice therein are void though not open to the actual charge of corruption.  This is true regardless of the good faith or intent of the parties at the time the contract was entered into, or the fact that no evil resulted by or through the contract."

Taking the pleadings in this case altogether, we think it is plain that the contract here sued upon, even if entered into, was, under the allegations of the

answer, which were not denied, plainly against public policy and therefore void.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.