### 26155.   CATES *v.* KELLEY.

SUTTON, J.   A contract between a layman and an attorney at law, who has taken a case on a contingent fee, whereby the layman is to search out witnesses and obtain evidence to prove the case and share in the fee of the attorney in the event of recovery, is void as against public policy. 6 R. C. L. 757, § 164; 13 C. J. 448, § 388; Johnson *v.* Higgins, 30 Del. 548 (2) (108 Atl. 647); Gross *v.* Campbell, 118 Ohio St. 285 (160 N. E. 852); Duteau *v.* Dresback, 113 Wash. 545 (194 Pac. 547, 16 A. L. R. 1430); Quirk *v.* Muller, 14 Mont. 467 (36 Pac. 1077, 25 L. R. A. 87, 43 Am. St. R. 647); Neece *v.* Joseph, 95 Ark. 552 (129 S. W. 797, 30 L. R. A. (N. S.) 278, Ann. Cas. 1912A, 655). Accordingly, the court did not err in sustaining the general demurrer to the petition in which the plaintiff, a layman, sought to recover a balance alleged to be due him under a contract with the defendant, an attorney at law, whereby the plaintiff was employed "to investigate the facts of said case and secure evidence and the names of witnesses to prove the case," and share in the defendant's fee which was contingent upon recovery. *Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED MAY 15, 1937.

*W. B. Cates,* for plaintiff.
*Marvin G. Russell, William Walker Cowles, Thomas B. Branch Jr.,* for defendant.