## JOHNSON v. STATE FARM LIFE INS. CO.

No. 3827.

United States Court of Appeals
Tenth Circuit.
July 14, 1949.

PHILLIPS, Chief Judge, dissenting.

Ralph E. Waldo Jr., Greeley, Colo. (Waldo & Waldo, Greeley, Colo., were with him on the brief), for appellant.

Kenneth M. Wormwood, Denver, Colo. (William T. Wolvington, Denver, Colo., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Margaret L. Johnson instituted this action against State Farm Life Insurance Company to recover upon a policy of in-

surance covering the life of Kenneth Warren Johnson. The complaint alleged in conventional manner the issuance of the policy, the payment of premiums, the death of the insured, the submission of proof of death, and the refusal to make payment. A copy of the policy including the medical history of the insured was attached to the complaint. By express provision, the policy made the application a part of it and provided that all statements made by or on behalf of the insured should, in the absence of fraud, be deemed representations and not warranties. The application, signed by the insured, recited that all statements, answers, and representations contained therein were true, complete, and correctly recorded; and that no material circumstances or information had been withheld or omitted concerning the past or present state of health of the insured. The policy was dated July 4, 1946, and the insured died on May 31, 1947, of coronary occlusion. The defense pleaded in the answer was that in the application for the policy, the insured falsely stated that he was then free from disease, was in sound health, and had not consulted a physician or been under medical care during the immediately preceding ten years; that at the time of the delivery of the policy and for some time prior thereto, the insured was not in good health; and that during the preceding ten years he had consulted four physicians, one of whom was a heart specialist. Certain facts were admitted by the respective parties. Plaintiff admitted among other things the submission of the application, including the medical history containing questions and answers signed by the insured. She also admitted that during the ten-year period immediately preceding the making of the application, the insured did consult three of the physicians referred to in the answer of the company. An she further admitted that the death of the insured was due to coronary occlusion. Defendant admitted the authenticity of the medical examiner's report, the respective dates on which the physicians examined the insured, and further that the heart specialist last saw him about sixteen months prior to the issuance of the policy. Each party moved for summary judgment on the ground that the pleadings and admissions on file showed that there was no valid and genuine issue of any material fact, and that the moving party was entitled to judgment. Plaintiff submitted in support of her motion the affidavits of three of the physicians who examined the insured. Each stated in substance that at the time of his examination or examinations the insured was not suffering from any grave or serious disease, and that he was free from any ailment that seriously affects the general soundness of healthfulness of the system. She also submitted the affidavit of the physician who conducted the physical examination of the insured in connection with the application for the insurance. He stated in substance that in his opinion, the insured was then in excellent health and had no grave or serious ailment and was free from any ailment that seriously affects the general soundness or healthfulness of the system. No affidavit of the heart specialist was submitted by either party. The court entered summary judgment for the defendant, and the plaintiff appealed.

The record makes it clear that the action of the court in entering summary judgment for the defendant was predicated upon the conclusion that false answers were given to certain questions in the application for the policy and that therefore the plaintiff could not recover. It is the law in Colorado that a false statement of fact material to the risk contained in the application will avoid the policy, whether the misrepresentation be the result of intention or of mistake, and whether made in good faith or otherwise. German Life Insurance Co. v. Klein, 25 Colo.App. 326, 137 P. 73; North American Life Insurance Co. of Chicago v. Korrey, 113 Colo. 359, 157 P.2d 149. But it is also the well recognized rule that where an application for a policy of insurance discloses upon its face that a question is incompletely or imperfectly answered, or is not answered at all, the acceptance of the application and the issuance of the policy without request for clarification or completion of the application constitutes a waiver of the

incompleteness or imperfection of the answer, or the failure to answer at all, and renders such condition of the application immaterial. Phoenix Mutual Life Insurance Co. v. Raddin, 120 U.S. 183, 7 S.Ct. 500, 30 L.Ed. 644; Pacific Mutual Life Insurance Co. v. Van Fleet, 47 Colo. 401, 107 P. 1087.

■ Question 8 in the application for the policy in suit inquired in pertinent part whether the applicant had been advised to have a surgical operation or whether he contemplated having one, and it was answered in the affirmative. Question 15 was whether the applicant had consulted a physician or had been under medical care during the past ten years. A blank space was provided for the answer "yes" or "no", and that space was not filled. Nothing was inserted in it. It was left blank. Following such blank were the words "If so, give the details below". And tabulated below were the words "Disease or Injury", "Date—Month and Year", "Complications", "Duration and Date of Recovery", "Remaining Effects", and "Medical Attendant's Name and Address", with a blank space under each in which to tabulate the information. Under the words "Disease and Injury" the word "None" was inserted in writing. The other spaces were left blank. Nothing was inserted in them. The failure to make any answer "yes" or "no" to the question whether the applicant had consulted a physician or had been under medical care during the preceding ten years indicated with emphasis the incompleteness of the application and the propriety of requesting an answer or additional information in respect of the fact which was material to the risk, especially in view of the answer given to question 8 that the applicant had been advised to have a surgical operation or contemplated having one. And the insertion of the word "None" below the words "Disease or Injury" did not make the answer complete and inaccurate or false in point of fact. It still remained incomplete. But the defendant accepted it in that form, made no request for completion, clarification, or additional information, and issued the policy upon it. Therefore, it waived and rendered immaterial any incompleteness or inaccuracy of fact contained in the application as to whether the applicant had consulted a physician or been under medical care during the preceding ten years. Phoenix Mutual Life Insurance Co. v. Raddin, supra; Pacific Mutual Life Insurance Co. v. Van Fleet, supra. And having waived and rendered immaterial such incompleteness or inaccuracy of fact, the defendant was not entitled to judgment on the ground of falsity of the answer to that question.

■ Question 12 in the application inquired in pertinent part whether the applicant was then free from disease and was in sound health, and it was answered in the affirmative. The defendant pleaded affirmatively in its answer that such answer was false; that the applicant knew it to be false; and that he made such answer and gave such statement for the purpose of deceiving the defendant and inducing it to issue the policy. The answer pleaded a defense to the right to recover on the policy for falsity of the answer to that question. German Life Insurance Co. v. Klein, supra; North American Life Insurance Co. of Chicago v. Korrey, supra. But the pleading merely tendered the issue of fact for determination at the trial. And the issue of fact was not admitted by plaintiff. Neither was it resolved by the ex parte affidavits submitted by her in support of her motion for summary judgment. It was still joined for determination at the trial before the court or the jury. And Federal Rule of Civil Procedure 56, 28 U.S.C.A., authorizes the entry of a summary judgment only where it affirmatively appears from the pleadings, depositions, and admissions on file, together with the affidavits, if any, that except as to the amount of damages there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. A genuine issue of fact being joined in respect of the falsity of the answer to question 12, both motions for summary judgment should have been denied.

The judgment is reversed and the cause remanded.

PHILLIPS, Chief Judge (dissenting). In the adult medical history, signed by the insured, the following questions and answers appear:

8. (c) Have you been advised to have or do you contemplate a surgical operation?    Yes

Yes or no

14. To explain your answer to any question herein, give details in this space or in a separate letter.

    Tonsillectomy    1913
    Appendectomy     1918

15. Have you consulted a physician or have you been under medical care in the past 10 years?

Yes or no

If so, give details below:

| Disease or Injury | Date— Month and Year | Complications | Duration and Date of Recovery | Remaining Effects | Medical Attendant's Name and Address |
|---|---|---|---|---|---|
| None | | | | | |

It seems obvious to me that the answer to question 14 shows that the insured, in his answer to question 8(c), referred to past operations.

With respect to question 15, the answers are incomplete in form, but I do not think they are in substance. The word "none" is a demonstrative pronoun meaning "not any."[1] It seems to me that when the insured answered "none," under the heading "Disease or Injury," he, in effect, told the Insurance Company that he had not consulted a physician in the past ten years, either for disease or injury. If this be true, then, under controlling Colorado law, the answer being false, the beneficiary was not entitled to recover.

[1] Webster's New International Dictionary, 2d Ed., p. 1662; Bayha v. Public Utility Dist. No. 1, 2 Wash.2d 85, 97 P. 2d 614, 619.