**PORTER v. JONES.**

No. 3854.

United States Court of Appeals
Tenth Circuit.

July 30, 1949.

Rehearing Denied Sept. 6, 1949.
Writ of Certiorari Denied Nov. 21, 1949.
See 70 S.Ct. 188.

T. Austin Gavin, Tulsa, Okl., for appellant.

Claude Monnet, Oklahoma City, Okl. (Monnet, Hayes & Brown, Oklahoma City, Okl., were with him on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Jackson Barnett, a restricted Creek Indian, died leaving a large estate. Conflicting claims to the estate were asserted under the law of descent and distribution. The claims were adjudicated in a judgment entered in a proceeding in the United States Court for Eastern Oklahoma, and the judgment was affirmed. Scott v. Beams, 10 Cir., 122 F.2d 777, certiorari denied, Brady v. Beams, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208. A proceeding in the nature of a bill of review was subsequently instituted to vacate the judgment adjudicating the claims. Judgment was

entered denying relief under the bill of review, and that judgment was affirmed. Brady v. Beams, 10 Cir., 132 F.2d 985, certiorari denied, 319 U.S. 747, 63 S.Ct. 1032, 87 L.Ed. 1702. Later the court entered judgment allowing attorneys' fees and expenses payable proportionately out of the distributive share of each of the successful heirs in the original action, and that judgment was affirmed. United States v. Anglin & Stevenson, 10 Cir., 145 F.2d 622, certiorari denied, 324 U.S. 844, 65 S. Ct. 678, 89 L.Ed. 1405. Dick Jones, then engaged in the practice of law in Oklahoma, represented some of the successful claimants in the original proceeding for the determination of heirship; and he was awarded an attorney's fee in the sum of $49,861.49, and the further sum of $5,385.-35 for expenses incurred and paid in the proceeding.

Claude Porter, a layman, instituted this action against Jones. The complaint was in two counts. It was alleged in the first count that plaintiff and defendant entered into a written contract in which it was agreed that the defendant should do all necessary legal work in prosecuting certain claims of alleged heirs to the Barnett estate; that plaintiff should assist in the litigation by obtaining the necessary witnesses for use in proving the claims and by defraying any expenses reasonably necessary in conducting the litigation; that the money or property received as fees, whether received by defendant as attorney or by plaintiff as administrator or otherwise, should be equally divided between the two, after first deducting the sums to be paid to two other named persons for their services performed in the case, that is to say, fifty per cent of the amount remaining should be paid to and belong to plaintiff and fifty per cent to defendant; that the fee and expenses were paid to defendant; that out of such sums, plaintiff was entitled to $27,623.42; that defendant refused to pay him that amount; that instead, he agreed to pay plaintiff $16,500, and stated that if plaintiff refused to accept that amount he would not get anything; that while refusing to accept such sum in full payment of the amount due him, plaintiff concluded

that it was best to accept it as payment on account, leaving the balance due under the contract; that no part of the balance due had been paid; and that there was a balance due of $11,123.42. The prayer under that count was for judgment for such balance due. In the second count of the complaint it was alleged on information and belief that defendant had been paid or in the future would be paid additional sums as the direct result or outgrowth of the litigation referred to in the contract between the parties. And the prayer under that count was for judgment for one-half of such additional or further sums. By answer, the defendant admitted the execution of the contract but pleaded that at the time of its execution and thereafter it became and was contrary to public policy and void; that plaintiff failed to perform his part of the contract; that about two years after the execution of the contract it was mutually agreed between the parties that it should be cancelled, rescinded, and disregarded, and thereafter defendant should continue to advance and pay the expenses of plaintiff except such as plaintiff himself might be able and choose to pay and if defendant should succeed in winning the litigation and should collect an attorney's fee therefor defendant should pay to plaintiff such sum as would be fair and reasonable for the work done or money expended by plaintiff; that after defendant received the fee, the parties mutually agreed that plaintiff should be paid $16,500 and no more; that defendant paid such sum to plaintiff; that plaintiff and defendant executed separate receipts and relinquishments in which each released the other from all claims of every kind and character; and that defendant was not obligated to plaintiff in any manner. By reply, the plaintiff denied that the contract was contrary to public policy; denied that he failed to carry out his obligations under its terms; denied that the parties mutually agreed to rescind the original agreement; admitted that he signed the receipt reciting that the $16,500 was received in full settlement of all claims against defendant; and pleaded that in truth and in fact there was never any dispute as to the amount due

plaintiff and no compromise with respect to plaintiff's right to an undivided one-half part of such fee and expenses paid to defendant.

Following a pre-trial conference, defendant interposed a motion for summary judgment on the ground that under the pleadings and the admissions of fact made by the parties plaintiff was not entitled to recover. The motion was sustained, judgment was entered for defendant, and plaintiff appealed.

■ The first contention urged by appellant is that genuine issues of fact were joined for trial on their merits and that therefore the court erred in entering summary judgment. The argument in support of the contention is that two genuine issues of fact were presented for determination, one being whether the original contract between the parties was rescinded and cancelled and a new agreement entered into and the other being whether a controversy between the parties respecting the amount due appellant was compromised by the payment of the $16,500; and that inasmuch as these issues. of fact were joined summary judgment should not have been entered. Rule of Civil Procedure 56, 28 U.S.C.A., authorizes the entry of summary judgment only where it affirmatively appears from the pleadings, depositions, admissions on file, and affidavits, if any, that except as to the amount of damages there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Johnson v. State Farm Life Insurance Co., Cir., 176 F.2d 83. But appellant's cause of action was predicated upon the original contract. It was not founded upon a subsequent agreement cancelling and rescinding that contract and substituting another for it. Neither was it based upon a compromise accompanied by payment of $16,-500. Those issues were tendered in the answer and denied in the reply. Appellant expressly pleaded the original contract as the basis of his right to recover and stood on it throughout. A copy of the contract was attached to the complaint, and its execution was expressly admitted in the answer. It is manifest therefore that there was no genuine issue of fact as to whether the contract was entered into or whether it violated public policy. And if it contravened public policy and was void as a matter of law, the entry of summary judgment denying relief under it was authorized.

■ Coming to the question whether the contract between these parties contravened public policy and was void, it is the general rule that an agreement in which one merely employs another to render services in making investigations, interviewing persons, and securing information as to the sources from which pertinent evidence may be obtained as well as the nature of such evidence for use in the trial of contemplanted or pending litigation is valid, even though the person employed is a layman, if the employment does not contemplate securing false or suborned testimony, coloring evidence, or otherwise preventing or impeding the due course of justice. Cobb v. Cowdery, 40 Vt. 25, 94 Am.Dec. 370; Singer Manufacturing Co. v. City National Bank, 145 N.C. 319, 59 S.E. 72; Haley v. Hollenback, 53 Mont. 494, 165 P. 459; Hare v. McGue, 178 Cal. 740, 174 P. 663, L.R.A.1918F, 1099; McNeal v. Foreman, 117 Cal.App. 155, 3 P.2d 583; Bell County Board of Education v. Lee, 239 Ky. 317, 39 S.W.2d 492; Barnes v. Boatmen's National Bank of St. Louis, 348 Mo. 1032, 156 S.W.2d 597.

■ But the contract between these parties was not of that kind. It did not provide that a layman was employed by an attorney at a specified compensation to make investigations, to interview witnesses, to ascertain the sources from which pertinent testimony might be obtained, and to explore the nature of such testimony. It was a contract between an attorney and a layman for the equal division of the fees which the attorney should receive for his professional services in representing clients in contemplated or pending litigation. It was an agreement that an attorney should pay to a layman one-half of his attorney's fees received in contemplated or pending litigation as compensation to the layman for services in searching out witnesses to

90

give testimony in the trial of the litigation. And a contract of that nature contravenes sound public policy and is void. Duteau v. Dresbach, 113 Wash. 545, 194 P. 547, 16 A.L.R. 1430; Johnson v. Higgins, 7 Boyce, Del., 548, 108 A. 647; Cates v. Kelley, 55 Ga.App. 786, 191 S.E. 384.

■ For another reason the contract became and was void at least in part. About two months after the execution of the contract, appellant was appointed guardian of the persons and estates of three incompetent Indians who were claimants to all or part of the Barnett estate. As such guardian, appellant entered into a contract with appellee employing him to represent two of these wards in the presentation of their claims to the estate. Appellee did represent the two Indian wards and they were among the successful claimants. And of the fee of $49,861.49 paid to appellee, $22,066.51 was for services in representing these two wards while the other $27,794.98 was for his representation of other claimants. Appellant occupied a fiduciary relation to his wards, and under plain principles of public policy he was forbidden to profit by a secret arrangement for a share of the attorney's fee paid to appellee for his services in representing two of them in the litigation. Reilly v. Beekman, 2 Cir., 24 F.2d 791; Ready v. National State Bank of Newark, 117 N.J.L. 554, 190 A. 76; see also, Crites, Inc. v. Prudential Insurance Co., 322 U.S. 408, 64 S.Ct. 1075, 88 L.Ed. 1356.

Laying aside for the moment the total invalidity of the contract because it was one for the division with a layman of fees to an attorney for professional services rendered, and treating the contract as invalid only in part but separable in that appellant could share in the $27,794.98 paid to appellee for representing litigants who were not wards of appellant while forbidden to share in the $22,066.51 paid to appellee for services in representing the two incompetent Indians who were wards of appellant, the $16,500 admittedly received by appellant was more than one-half of the amount paid to appellee for representing litigants other than the two incompetent Indians who were wards of appellant, and

therefore appellant was not entitled to recover any further sum.

■ One question remains for consideration. Appellant argues that even though the contract contravened public policy, appellee was a party to it and therefore he cannot take advantage of his own wrong by retaining the fruits of an unlawful arrangement. It is the general rule in Oklahoma that a court will not grant relief to either party when the right is predicated upon a contract which violates public policy. Relief is denied in such a case, not for the purpose of protecting either party but because the court will not approve or condone a contract of that kind by assisting in the enforcement of a right under it. Brown v. Durham, 175 Okl. 500, 53 P.2d 551. There are a few isolated exceptions to that general rule. Cosden Oil & Gas Co. v. Hendrickson, 96 Okl. 206, 221 P. 86; Local Federal Savings & Loan Ass'n v. Sheets, 191 Okl. 439, 130 P.2d 825. But this case does not fall within any of them.

The judgment is affirmed.