Meeks *vs.* Dewberry.

---

WILLIAM B. MEEKS, plaintiff in error, *vs.* THOMAS DEWBERRY, defendant in error.

(BLECKLEY, Judge, was providentially prevented from presiding in this case.)

A contract that "the said Dewberry turns over to the said Meeks one execution against L. G. Chambliss and others, as administrators on the estate of D. H. Ponder; if the said Meeks collects all or any part of the same, he is to pay to the said Dewberry one-half of all he collects on said papers, he, the said Meeks, to pay all costs on said suit, if any accrues to him on said suit," is champertous, especially when the parol proof shows that $143 00 of the sum collected was paid by Meeks to the attorneys, and that the debtor was in bankruptcy.

Contracts. Champerty. Before Judge HALL. Monroe Superior Court. February Term, 1876.

Reported in the opinion.

CABANISS & TURNER; HAMMOND & BERNER, for plaintiff in error.

STONE & TURNER, for defendant.

JACKSON, Judge.

This was a suit to recover money collected under a contract to the following effect: That if Meeks collected a *fi. fa.* on the administrators of Ponder, placed in his hands by Dewberry, he was to pay half of the amount collected to Dewberry, "*he, the said Meeks, to pay all costs on said suit if any accrues to him on said suit.*" Meeks collected a certain amount of money in the bankrupt court, or from the assignee, and after paying Cabaniss & Turner, attorneys at law, $143 00 fees, deposited the rest in Lampkin's bank, in Forsyth, which soon afterwards broke, and Dewberry sued Meeks for his half of the amount collected, and, under the charge of the court, the jury found for the plaintiff. The defendant moved for a new trial on various grounds, but relied before us on the point that the contract sued on, and the fact that the defendant in *fi. fa.* was a bankrupt, and that attorneys were paid $143 00, made a clear case of champerty, and therefore that the verdict was contrary to law and evidence.

The question, then, is, was the contract illegal and void because of its being champertous? Our statute, Code, section 2750, declares that a contract against public policy cannot be enforced, and among such contracts it specifies, "contracts of maintenance or champerty." If this contract be champertous, then it cannot be enforced. Is it champertous? Our statutes give no definition of champerty. We must then go to the common law, or statute law of England before the revolution, to find its definition. It is the unlawful maintenance of a suit in consideration of a bargain to have a part of the thing in dispute, or some profit out of it, and the promise to pay the expenses or costs, seems to be essential to constitute it: 4 Blackstone, 135; Chitty on Contracts, 584; Hawkins' Pleas of the Crown, 463. Accordingly, in 54 *Georgia Reports*, 288, in the case of *Moses vs. Bagley & Sewell*, this court held a contract not champertous, because there was no agreement to

pay costs. Thereby we clearly implied that if there had been such a bargain we would have held differently. Here there is an express promise to pay costs; the thing to be done contemplated a suit, the promise was to maintain the suit free of costs to Dewberry, the defendant in execution was in bankruptcy, and a fee of $143 00 was actually paid to attorneys at law. We cannot imagine a case of champerty if this be not one, unless it can be taken out of the rule because it was founded on the prosecution of an execution, the final process or end of the suit; but an execution is not the end of the suit, too often in practice—property has to be condemned—claim cases to be tried—contests in bankruptcy to be fought—bills in equity to be filed or defended, and the greater litigation often follows the judgment and *fi. fa.* In this case a suit was contemplated in the contract itself; it seems to have been prosecuted in bankruptcy, and attorneys to have been paid their fees, and we think that the statute, section 2750 of our Code, declares that it shall not be enforced.

Whether the plaintiff could recover upon a count for money had and received, or in such a suit as that, we do not decide: See 7 Porter, 488. We think even that questionable; but this suit is on the contract *alone.*

Let the verdict be set aside and a new trial be granted.