## TAYLOR *vs.* HINTON.

1. While the plea of failure of consideration was not as full as it might have been, it was not so defective as to be stricken on general demurrer.

2. For an attorney to agree to prosecute a case and bear all expenses of litigation for a specified part of the recovery is champertous, and a plea, setting out such an agreement, filed to a suit for the agreed portion, was not demurrable.

Pleadings.   Champerty.   Attorney and client.   Before Judge CRISP.   Sumter Superior Court.   October Adjourned Term, 1878.

Hinton sued Taylor on the following instrument:

" I hereby acknowledge that B. B. Hinton has one-fourth interest in two promissory notes of even date with these presents, one for five bales of cotton, due 15th day of January, 1874, each to weigh five hundred pounds of cotton, one for twenty-four bales, each of five hundred pounds, due 15th December, (1874) eighteen hundred and seventy-four. Said notes on Thomas L. Rogers ; and I promise to pay to said B. B. Hinton or bearer the one-fourth value of same when sold, or deliver to him the one-fourth of said cotton when the same shall have been delivered to me by said Rogers, the said Hinton to refund the amount received by him in the event I am compelled to refund to said Thomas L. Rogers.   This 28th November, 1873.

(Signed)                    "ELEAZOR TAYLOR."

In addition to the general issue, defendant pleaded as follows :

" And for further plea in this behalf, defendant says *actio non*, because he says that the consideration for which the contract sued on was given has wholly failed, because he says the same was given to the said plaintiff as an attorney at law, in consideration that he, the said plaintiff, would render his professional services as an attorney at law in the collection of certain notes on one Thomas L. Rogers, the property of this defendant, and this defendant says that the said plaintiff failed to perform the services he contracted to perform, but neglected

and failed to render his professional services as he contracted to do, and of this he puts himself upon the country.

"And for further plea in this behalf, defendant, by his said attorney, says *actio non*, because he says the contract sued on is illegal and void; because he says the said contract sued on was made for the purpose of unlawfully maintaining and prosecuting a suit at law in consideration of a bargain to have a part of the thing in dispute, or some profit out of it, and agreement by said plaintiff, Hinton, to bear the expense of the litigation, and save his client, this defendant, harmless from all costs. He, the said Hinton, plaintiff, having bargained and agreed as an attorney at law and otherwise to maintain and bear all of the costs and expenses of a suit for the collection of a debt on one Thomas L. Rogers, and referred to in plaintiff's declaration, in consideration of the one-fourth interest therein. And of this he puts himself upon the country."

Defendant amended his plea as follows:

"Defendant says that some time in 1872 he was the owner, by purchase, of an execution from the fifth circuit court of the United States, southern district of Georgia, in favor of Steitheimer & Co. *vs.* one McMichael; that the plaintiff, Hinton, agreed with this defendant to make the money upon said claim without costs to this defendant; that the same was levied upon certain lands in Marion county by direction and advice of plaintiff, and the said lands were brought to sale, when this defendant became the purchaser under said contract with plaintiff, and afterwards sold to one Thomas L. Rogers; that the said Thomas L. Rogers then gave the two notes mentioned in said plaintiff's declaration, and defendant pleads for the purchase money of the land; when this defendant gave the plaintiff the contract sued on, the said plaintiff then agreed to collect the said two notes on Rogers without costs to this defendant, as set out in defendant's original

plea upon his said contract to collect said original *fi. fa.* in favor of Steitheimer & Co. *vs.* McMichael."

These pleas were stricken on demurrer, and after verdict for the plaintiff, defendant excepted.

HAWKINS & HAWKINS, for plaintiff in error.

B. B. HINTON, by HARRISON & PEEPLES, for defendant.

JACKSON, Chief Justice.

The points which control our ruling in this case arise upon the pleas of the plaintiff in error, which the court struck on demurrer. One was a plea of failure of consideration in this, that the defendant in error engaged to serve the plaintiff in error as counsel and attorney in a certain suit, and wholly failed to do so, and the other that for his services he was to get his interest in the paper sued on here, and to maintain the former suit, for which he got his interest in this paper free of all costs to the plaintiff in error, which made the contract champertous.

1. There may be some defect in the plea of failure of consideration, in that it is not set out as fully as it might be, but we hardly think the defects sufficient to authorize the court to strike it on general demurrer.

2. The plea of champerty is full, and should not have been stricken under the ruling of this court in 55 *Ga.*, 283, and 57 *Ga.*, 263. See, also, 6 Otto, 407.

We hold, therefore, that the court erred in striking the pleas of plaintiff in error, and there must be a new trial.

Judgment reversed.