## JOHNSON *v.* HILTON.

Where one who had no interest in, or title to, a lot of land, accepted
a deed thereto from others, but paid nothing for the conveyance;
and, in contemplation of litigation to be instituted by himself,
agreed " that if he realized anything from said lot he would pay
them whatever was right, and if he did not gain anything he
would pay all costs and expenses," the deed was a champertous
contract and therefore void.

August 12, 1895.

Complaint for land.   Before Judge GRIGGS.   Early
superior court.   October term, 1894.

R. H. SHEFFIELD, by HARRISON & PEEPLES, for plaintiff.
R. H. POWELL & SON, for defendant.

LUMPKIN, Justice.

The code distinctly declares that champertous con-
tracts are against the policy of the law, and cannot be
enforced.   See section 2750.   We think there can be
no doubt that the deed upon which the plaintiff relied
for the purpose of making out his title was a contract
of this character.   It appears that he accepted it from
certain other persons, to whom he paid nothing, but took
it in contemplation of a suit for the land to be instituted
by himself, he agreeing, in substance, that if the suit
was successful he would pay something to the grantors,
but if unsuccessful he was to bear all the costs and ex-
penses of the litigation.

If he had shown that he had any interest in the title
prior to the time of accepting this deed, the case would
have been different.   It is true the record shows that
his grantors were the heirs at law of one Shelton R.
Weaver, and that he was, himself, a grandson of that
person.   But a grandson is not necessarily an heir at
law of his grandsire; and it was encumbent upon the
plaintiff to show affirmatively that he was such an heir,
or otherwise had some interest in the title independently

v 96-37

of the deed above referred to, in order to relieve that instrument of its champertous character.

The case of *Reed* v. *Janes, adm'r*, 84 *Ga.* 380, relied upon by counsel for the plaintiff in error, will, upon a casual examination, be found entirely inapplicable to the case at bar.        *Judgment affirmed.*