GAY, administrator, *et al. v.* GAY, and *vice versa.*

LITTLE, J.   1. It appearing that the question made in the cross-bill of exceptions is controlling upon the case as a whole, it has been first considered ; and inasmuch as the judgment therein is reversed, there is no occasion for determining the errors alleged in the main bill of exceptions. *Cheshire* v. *Williams,* 101 *Ga.* 814 ; *Jordan* v. *Ga. So. Ry. Co.,* 105 *Ga.* 274 ; *Hollis* v. *Lawton,* 107 *Ga.* 105.

2. Upon the line of construction indicated by this court in *White* v. *Hopkins,* 80 *Ga.* 154, which has since been followed in *Goff* v. *Davenport,* 96 *Ga.* 423, and *Guthrie* v. *Guthrie,* 105 *Ga.* 86, the instrument under consideration in the present case was a deed and not a will.  See *Barnes* v. *Stephens,* 107 *Ga.* 442.

 *Judgment reversed on cross-bill of exceptions. Main bill of exceptions dismissed. All the Justices concurring.*

Argued February 1, — Decided March 17, 1899.

Complaint for land.    Before Judge Gamble.    Emanuel superior court.    April term, 1898.

The action was by the administrator and certain heirs of Absalom Gay against Charles M. Gay.   The defendant claimed title to the land in dispute, under an instrument which,

when first offered in evidence by him at the trial as a deed
from Absalom Gay conveying title to the premises, was rejected
by the court upon the ground that it was testamentary and was
not attested and probated as required by law.    The court, how-
ever, permitted the defendant to introduce parol testimony to
show that by the instrument in question the maker intended
to convey title in presenti.    There was a verdict for the defend-
ant.    The plaintiffs moved for a new trial, which was refused,
and they brought the case to this court.    The defendant filed a
cross-bill of exceptions, assigning error upon the ruling first
mentioned.

The instrument referred to was as follows: "State of Georgia,
Emanuel County.    This indenture made this the 16th day of
July, in the year of our Lord one thousand, eight hundred and
eighty-three, between Absalom Gay of the State and county afore-
said, of the one part, and Charles M. Gay, his son, of the same
place, of the other part, witnesseth, that the said Absalom Gay,
for and in consideration of the good will and affection which
he has and bears for his son Charles M. Gay, and for and in
consideration of the settlement or payment of my just debts
after my decease, and for and in consideration of the support
or maintenance of Mary Ann Gay, his mother, during her nat-
ural life or widowhood, after deceased, I have given, granted,
bargained and sold, at my death [the land in dispute, de-
scribing it], to have and to hold the aforesaid tract or lot of
land at and after my death, together with all and singular the
rights, members, and appurtenances to the same in any manner
belonging, to him the said Charles M. Gay own proper use,
benefit, and behoof, forever in fee simple; and the said Ab-
salom Gay, for himself, his heirs, executors, and administrators,
the said bargained premises unto the said C. M. Gay, his heirs
and assigns, will warrant and forever defend the right and title
thereof against themselves and against the claims of all per-
sons whatever.    In witness whereof the said Absalom has here-
unto set his hand and affixed his seal, the day and year
above written.                                            his
                              Absalom  X  Gay.
                                       mark.

"Signed, sealed, and delivered in the presence of B. L. Johnson, Dave Cowart."

*P. W. Williams* and *Williams & Williams,* for plaintiffs.
*Saffold & Mitchell,* for defendant.