## JONES *v.* CAMAK; *et vice versa.*

The plaintiff's entire case was based upon a claim as remainderman under a devise in a will, which was void for uncertainty in the description of the subject of the devise; and that being true, the court should have sustained a general demurrer to the petition.

AUGUST 18, 1914.

Complaint for land. Before Judge James B. Park. Warren superior court. July 12, 1913.

*L. D. McGregor,* for plaintiff. *Cobb & Erwin, E. P. Davis,* and *Holden & Shackelford,* for defendant.

BECK, J. Petitioner seeks to recover property as a remainder-man after the death of the life-tenant, basing her right to recover upon an item of the will of Anthony Jones, the father of plaintiff's husband, the life-tenant. In part, the will reads as follows:

"Item 1st. I give unto my wife Sealy thirty acres of land, and two negroes, Seaborn and Macy, one horse, two cows and calves, one sow and pigs, two good beds and furniture, during her widow-hood, then equally divided between my lawful heirs.

"Item Second. I give unto my son Nathan four hundred acres of land, and at his death his wife to remain in possession of the land during her widowhood, then to be equally divided between his lawful heirs.

"Item 3rd. I loan unto my son Edmund Jones four hundred acres of land his lifetime, then to his wife during her widowhood, then to be equally divided between his lawful children.

"Item 4th. I loan my son Lewis Jones four hundred acres of land his lifetime, and one negro boy Warren, and then to his wife during her widowhood, then to be equally divided between his lawful children.

"Item 5th. I loan unto my son Robert Jones four hundred acres of land his lifetime, and one negro boy Peter, and then to his wife during her widowhood, and then to be equally divided between his lawful children."

The will contained a residuary clause as follows:

"Item 7. My request is that my executors pay all of my just debts, and then equally divide all the residue of my property, if there be any, between my lawful children."

While it is alleged that the executor assented to the legacy, there is no allegation that there was any partition or division of the lands among the legatees in accordance with the provisions of the will of Anthony Jones, the testator, after the death of the latter. Plaintiff's claim of title is based upon item 5th of the will, she being the widow of Robert Jones, named as devisee in that item. The petition, in addition to the general prayers for the recovery of the land, sought to have a sheriff's deed declared null and void, so

as to have a clear title in the petitioner according to the provisions of the will. While it appears from the record that this sheriff's deed was introduced in evidence by the defendant at the trial, it does not appear from the petition or from any of the amendments thereto that this instrument was a part of the defendant's claim of title. Among other grounds of demurrer the defendant urged the following: "That the item of the will of Anthony Jones, deceased, which is relied on by plaintiff as giving her title to the land sued for, contains such a vague, uncertain, and indefinite description of the land mentioned in said item as to be insufficient as a basis of a claim of title to the land sued for. That the devise attempted to be made in item 5th of the will is void for uncertainty." The demurrer of the defendant was overruled by the court; the case proceeded to trial, and resulted in a verdict for the defendant. The plaintiff made a motion for a new trial, based upon various grounds; and this motion was overruled. To the overruling of the motion for a new trial the plaintiff excepted, bringing the case to this court. The defendant filed a cross-bill of exceptions assigning error upon the judgment of court overruling the demurrer.

The decision of the question raised by the assignment of error contained in the cross-bill of exceptions will, under our view of the law applicable to the question raised, dispose of this case. The plaintiff's entire case rests upon the contention that under the allegations in the petition and the amendment thereto she was entitled to the land sued for as remainderman after the death of her husband, the life-tenant. Her rights as remainderman, if any exist, grow out of the provision of the 5th item of the will of Anthony Jones, the father of plaintiff's husband. That item reads as follows: "I loan unto my son Robert Jones four hundred acres of land his lifetime, and one negro boy Peter, and then to his wife during her widowhood, and then to be equally divided between his lawful children." We are of the opinion that the description of the subject of this devise is entirely too vague and uncertain to be operative for the purpose of vesting title in the named devisee to any land whatever. In every conveyance by deed and in every devise there must certainly be some description of the property conveyed or of the subject of the devise. It may be indefinite and yet the devise not be void, if there be such a description or fixing of the subject of the devise that by oral proof it can be shown and

made certain what the testator intended to pass under the terms of the will. Such expressions as, "my river plantation," "the place on which I now live," "my farm in [a certain] county or district," have been held sufficient, where by the aid of extraneous proof the property thus referred to may be identified. But in the present case terms of description are absolutely wanting. There is nothing which could be assisted by the adduction of extraneous proof. There is nothing to even suggest that there is a patent or latent ambiguity. It is evident from the terms of the will that the testator was the owner of a considerable body of land containing several times the number of acres he sought to give by the item of the will under consideration; and it would be impossible, without extraneous testimony which would practically create a devise instead of aiding in the ascertainment of what the devise was, to determine the subject of the devise in the 5th item of this will. The suggestion that in some cases where a definite quantity of land is given and the testator owns a larger quantity of land than that devised, the devisee has been allowed to select, even if sound law, could not be applied here; because there are other devisees who are given land merely described as this is (that is, by stating the number of acres given), and who are named in the will before the son Robert, the life-tenant of the estate now claimed by the plaintiff. We are perfectly clear in our opinion that the devise is void; and that being true, the petitioner had no standing in court, and the general demurrer should have been sustained. As this disposes of the entire case, the main bill of exceptions will be dismissed, and the judgment of the court below reversed on the cross-bill of exceptions. *Gay* v. *Gay,* 108 *Ga.* 739 (32 S. E. 846).

*Judgment reversed on the cross-bill of exceptions. Main bill dismissed. All the Justices concur.*