Trial, 38 Cyc. p. 1555, n. 8.

---

### 17655. ABBOTT *et al. v.* FREE *et al.*

The action, being upon a contract to pay $600 in settlement of a prosecution for fornication and adultery and of other criminal prosecutions and of certain civil cases, could not properly be so amended as to allege that the sum mentioned was to be paid in consideration of wrongs and injuries sustained by the plaintiff because of the defendant's illicit relations with her, and in consideration of her agreeing to maintain and support his child, "the outcome of said relations," and not on account of the other matters mentioned in the contract. The court erred in allowing the amendment, and in not sustaining the demurrer to the petition as amended.

DECIDED DECEMBER 14, 1926.

Complaint; from Forsyth superior court—Judge Wood. August 23, 1926.

Contracts, 13 C. J. p. 452, n. 65; p. 455, n. 97 New, 98; p. 723, n. 95 New.

Pleading, 31 Cyc. p. 421, n. 90.

*A. B. Tollison, B. P. Gaillard Jr.,* for plaintiffs in error.

*J. P. Brooke,* contra.

LUKE, J.    J. W. Free, suing for the use of Amanda Free, brought suit in the superior court of Forsyth county against W. L. Abbott and J. K. Abbott, seeking a judgment for $600 and declaring his right to such judgment upon the following contract:

"Georgia, Forsyth county.—This agreement, made and entered into this 4th day of March, 1924, between J. W. Free and Amanda Free, of the State of Georgia, county of Forsyth, of the one part, and J. K. Abbott, W. L. Abbott, and Sam Abbott, all of the State of Georgia and county of Forsyth, of the other part, witnesseth, that whereas there is now pending divers controversies between the parties hereto, to wit, the State against Sam Abbott, an indictment charging fornication and adultery, by having had unlawful intercourse with one Amanda Free, the State against Walter L. Abbott, a warrant charging the said W. L. Abbott with having altered the docket of the justice of the peace of the 878 district, G. M., Forsyth county, the State against J. W. Free, a warrant charging perjury, also two civil cases, to wit, J. K. Abbott & Co. vs. J. W. Free, fi. fa. for the principal sum of $5.00, and one for the principal sum of $84.00 in favor of J. K. Abbott against J. W. Free, it is therefore mutually agreed between the said parties as follows, the permission of the court first having been obtained, that J. K. Abbott and Sam Abbott are to pay to J. W. Free and Amanda Free the sum of $600.00; that J. K. Abbott and J. K. Abbott & Company are to mark satisfied the said two named fi. fas. and release the defendant J. W. Free from any and all other and further liability upon the same; that the said indictment against Sam Abbott be quashed, after the payment of costs; that prosecution of all of the other criminal cases as against the Abbotts and Free are to be stopped.    And it is further agreed by and on the part of J. W. Free that bond for the support and maintenance of the bastard child Madge is to be given by them as by law provided in such cases, and that Sam Abbott be and he is hereby released from further liability, both criminal and civil, relative to said matter."    The following amendment to the petition was allowed: "1.    That said suit is proceeding for her (the plaintiff's) use and in her name, for the reason that she is entitled to all the beneficiary interest therein, the wrongs and injuries and obligations con-

templated in said contract were sustained and undertaken by this plaintiff. 2. This petitioner further shows that the sum sued for and the specific amount set out in said contract of the sum of $600 was to be paid this petitioner in consideration of the wrongs and injuries sustained by her because of the illicit relations of the said Sam Abbott with petitioner and in consideration of this petitioner undertaking to and agreeing to maintain and support the child of the said Sam Abbott, the outcome of said relations, and this petitioner shows to the court that the agreement to pay her the $600 was solely on account of these reasons and for these considerations, and not on account of settling any of the other matters mentioned in said contract." This amendment, when offered, was objected to, on the grounds, (a) that "it shows on its face, when taken in connection with the original petition, that the contract sued on is an illegal and immoral contract and a contract that contravenes the principles of morality;" and (b) that "it contradicts and varies the specific consideration actually agreed on and expressed in the contract sued on." The defendants thereupon demurred to the petition as amended, upon the following grounds: "1. The petition as amended fails to set out a cause of action against these defendants. 2. The petition as amended shows on its face that the contract sued on in this case is an illegal contract and that the same is violative of the principles of a sound public policy and is in contravention of both the law of the State and of sound morals."

1. The amendment to the petition was improperly allowed.

2. The demurrer to the petition should have been sustained and the case dismissed.

3. These errors rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*