SAPP *et al. v.* DAVIDS *et al.; et vice versa.*

Nos. 9297, 9298. JANUARY 10, 1933. REHEARING DENIED FEBRUARY 18, 1933.

266

*Curry & Curry* and *J. A. Merritt,* for Sapp et al.

*Fleming & Fleming,* contra.

GILBERT, J. ■ The attorneys originally founded their claim on an express or special contract of employment. The contract

was entire, and not severable. Their claim for recovery was later amended by adding a claim based upon quantum meruit. This amendment did not constitute a separate count. It did not strike from the case the allegation of the special contract. Upon the contrary it expressly insisted that the attorneys were entitled to compensation based upon the express or special contract. It prayed, however, that "in the event the contract of employment is held to be campertous, then plaintiffs [defendants] ask for judgment in the amount of one half of the amount recovered, upon quantum meruit." The prayer, it will be observed, was not for a recovery of the reasonable value of the services rendered on the implied contract. That part of the demurrer which attacked the amendment to the suit seeking a recovery on quantum merit was overruled by the court, and that judgment is assigned as error and brought to this court by a cross-bill of exceptions.

The Civil Code (1910), § 5513, provides as follows: "Ordinarily, when one renders service or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." Suit on quantum meruit must proceed, if at all, under this section. A suit on quantum meruit is therefore a suit on an implied promise to pay the value of the services rendered. The question is raised here, therefore, whether a suit begun on express contract which is void because contrary to public policy expressly declared (Civil Code (1910), §§ 4253, 4251) can proceed by amendment duly tendered before judgment on the original suit, so that the recovery may be sought on implied contract. As we view the case, the entire litigation is controlled by determination of the merits of the cross-bill of exceptions. In that event, the main bill of exceptions would not be considered.

The effect of the court's ruling on the demurrer is to permit the defendants to recover for attorney's fees, on an implied promise of clients to pay one half of the amount which they expressly agreed in writing to pay. If the express contract was void because contrary to public policy, the implied promise was void in its inception. An express agreement denounced by law can not be made legal and binding as an implied contract, by merely praying for a recovery on quantum meruit of a portion of the amount expressly

agreed upon. The special contract, upon which the attorneys based their claim is set out in the preceding statement. The contention of plaintiffs is that it is void because of champerty; that champerty, under the Code of Georgia, is contrary to public policy, and as such voids all contracts in which it forms a material part. The Civil Code (1910), § 4253, declares: "A contract which is against the policy of the law can not be enforced; such are contracts tending to corrupt legislation or the judiciary, contracts in general in restraint of trade, contracts to evade or oppose the revenue laws of another country, wagering contracts, contracts of maintenance or champerty." The Civil Code (1910), § 4251, declares: "A contract to do an immoral or illegal thing is void." It is thus generally declared that contracts of maintenance or champerty are void and can not be enforced. This rule applies alike to implied contracts.

In several cases this court has dealt with that question, based upon similar facts. It is not an open question that counsel may lawfully contract for a contingent fee to be paid out of the recovery or out of a collection. Such a contract was champertous and was indictable at common law. Baldwin's Century Edition of Bouvier's Law Dictionary, 161. What the Georgia statute, as construed by this court, denounces and denominates as champertous is a contract which provides that the attorney who contracts for employment agrees to relieve the client of the payment of the costs or expenses incidental to the employment. The contract here considered specifically authorizes the attorneys "to do and permit any actions and things which in their judgment may be necessary, including the appointment of such additional counsel as in their judgment may be necessary," etc. An agreement to relieve the client of the costs or of other expenses encourages litigation. It may induce a party to enter into litigation which may be doubtful or entirely without merit, and which he would not otherwise undertake, where the attorney agrees to relieve the client of costs and other expenses. This is certainly contrary to public policy and tends to lower the ethics of the legal profession and to lessen the power for usefulness. The court dealt with such a case in *Meeks* v. *Dewberry*, 57 *Ga.* 263. In that case the attorney contracted to collect a fi. fa. for one half of the amount collected, and as a part of that contract it was expressly agreed that Meeks was "to pay all costs on said suit if any accrues to him on said suit." We quote

what was said for an undivided court in the opinion: "If this contract be champertous, then it can not be enforced. Is it champertous? Our statutes give no definition of champerty. We must then go to the common law, or statute law of England before the revolution, to find its definition. It is the unlawful maintenance of a suit in consideration of a bargain to have a part of the thing in dispute, or some profit out of it, and the promise to pay the expenses or costs seems to be essential to constitute it: 4 Blackstone, 135; Chitty on Contracts, 584; Hawkins' Pleas of the Crown, 463. Accordingly in 55 Georgia Reports 288, in the case of *Moses* vs. *Bagley & Sewell,* this court held a contract not champertous, because there was no agreement to pay costs. Thereby we clearly implied that if there had been such a bargain we would have held differently. Here there is an express promise to pay costs; the thing to be done contemplated a suit; the promise was to maintain the suit free of costs to Dewberry; the defendant in execution was in bankruptcy, and a fee of $143.00 was actually paid to attorneys at law. We can not imagine a case of champerty if this be not done, unless," etc. The court then discloses circumstances under which the ruling might be otherwise, but which throw no light upon the present question.

The same rule was applied in *Taylor* v. *Hinton,* 66 *Ga.* 743 (2), and again in *Johnson* v. *Hilton,* 96 *Ga.* 577 (23 S. E. 841). In *Gowen* v. *New Orleans Naval Stores Co.,* 157 *Ga.* 107 (120 S. E. 776), the court cited and quoted from the above cases, and also from *Anderson* v. *Anderson,* 12 *Ga. App.* 706 (78 S. E. 271), and concluded the case with which it was dealing as follows: "Under the rulings made in the Georgia cases from which the above quotations are taken, the lease relied upon by the plaintiffs, which was essential to establish their right to recover, was champertous, and therefore illegal and void. The uncontroverted evidence introduced by the plaintiffs, when questioned in regard to the consideration of the lease, shows the champertous nature of the contract." In view of the foregoing authorities and what has been several times said by this court, there can be no other conclusion in this case than that the contract is champertous and void.

We have noted and considered the contention, and the authorities cited therefor, that the intention of the parties should control, and that if the contract is subject to two reasonable constructions,

one of which will make it valid and the other invalid, the former should be adopted. Where applicable, that is a sound rule to follow. In this case, however, there is only one reasonable construction. Under the law, by which we are bound, the only reasonable and proper construction is, as already stated, that the contract is champertous and void. Accordingly we rule that the court erred in overruling that part of the demurrer of which complaint is made in the cross-bill of exceptions.

"It appearing that the question made in the cross-bill of exceptions is controlling upon the case as a whole, it has been first considered; and inasmuch as the judgment therein is reversed, there is no occasion for determining the errors alleged in the main bill of exceptions." *Gay* v. *Gay,* 108 *Ga.* 739 (32 S. E. 846), and cit.; *Jones* v. *Camak,* 142 *Ga.* 278, 281 (82 S. E. 626).

*Judgment on cross-bill of exceptions reversed. Main bill of exceptions dismissed. All the Justices concur.*