26649. EVANS *v.* HARTLEY.

DECIDED MARCH 18, 1938.

*J. Cecil Davis, Randall Evans Jr.,* for plaintiff.

*B. J. Stevens,* for defendant.

*G. Seals Aiken, T. Emory Bradley, J. D. Bradley, Howard D. Bradley, J. Ira Harrelson, Frederick DeJoseph, S. T. Allen,* for persons at interest.

MacIntyre, J. Randall Evans Jr. sued Mrs. Evelyn Hartley to recover $250 alleged to be due him as attorney's fees for representing her in a divorce and alimony suit. The petition was amended substantially as follows: 1. On July 16, 1936, the defendant employed the plaintiff to represent her in an alimony and divorce action against her husband, G. B. Hartley, and signed the following agreement and contract: "Georgia, McDuffie County. I hereby employ Randall Evans Jr., attorney at law, to represent me in an action for divorce and alimony against my husband, G. B. Hartley, of McDuffie County, Georgia. I agree to pay to the said Randall Evans Jr., . . 1/5 of the total amount which I recover and collect from said G. B. Hartley, in said action, including future payments for temporary and permanent alimony; and in addition he is to receive all sums that the court may award to me as attorney's fees, in addition to the above percentage,

which is not to be computed therein. In the event that I should have a reconciliation with my husband, or should in any way settle said alimony case without the consent of said Randall Evans Jr., then I agree to pay to him . . $250 for representing me in this action; that is, for bringing said action and for representing me up until the point when said settlement is effected. If the said Randall Evans Jr., agrees on the settlement, then he shall receive the above-named percentage, and all attorney's fees awarded by the court. Witness my hand and seal this 16th day of July, 1936. Mrs. Evelyn Hartley (Seal.)" 2-9. In pursuance of said employment and contract the plaintiff filed a suit for temporary and permanent alimony and divorce against the defendant's husband, returnable to the September term, 1936, in McDuffie superior court. The plaintiff also filed said petition with the judge of the superior court of Richmond County, and a hearing was ordered on the temporary alimony feature at Lincolnton, prior to the September term of McDuffie superior court. At said hearing, the case was continued for two weeks,. "and the defendant and plaintiff went back to Lincolnton for the hearing, going both times in plaintiff's automobile, and . . the judge reserved his decision, after the trial of the case by counsel for Mrs. Hartley and counsel for her husband, which was by affidavits." In preparing for said temporary alimony hearing the plaintiff prepared numbers of affidavits for evidence on the part of said Mrs. Hartley, and had numbers of conferences with her. The court "finally awarded to the said Mrs. Hartley $50 as attorney's fees, to be paid in instalments of $25 each, and likewise awarded her a sum as temporary alimony." On or about the last of September, 1936, Mrs. G. B. Hartley came to the plaintiff's office and told him that her husband was making overtures towards her to return to live with him again, but stated that she was going to pay no attention to said overtures. That on or about October 1, 1936, the plaintiff learned that the defendant and her husband had effected a reconciliation, and had settled their alimony case without the consent of the plaintiff, and had gone to New York to see the world series between the New York Yankees and the Giants; all of which was done without the plaintiff's knowledge or consent, and without making any provision for compensation to the plaintiff according to the contract previously entered into. That the contract specifi-

cally provided that if Mrs. Hartley effected a reconciliation with her husband, or should in any way settle the alimony case, without the consent of Randall Evans Jr., then she agreed to pay him $250 for representing her in said action up and until the point when settlement was effected. When the plaintiff ascertained that the defendant had gone back to her husband, and had gone on a second honeymoon to New York, he demanded payment of said Mrs. Hartley many times, but "he never could get her to say anything at all, and in effect she refused payment . . ."

The defendant demurred at length to the petition as amended, both generally and specially; but in view of the court's judgment on the demurrer, only the following portions of it are pertinent here: "That said petition is predicated upon an alleged contract which is in violation of law, since it seeks to restrain and restrict defendant from resuming her marital relations with her husband and penalized for so doing in the following language, to wit, 'In the event I should have a reconciliation with my husband or should in any way settle said alimony case without the consent of the said Randall Evans Jr., then I agree to pay to him the sum of $250 for representing me up until the point when said settlement is effected. If the said Randall Evans Jr. agrees on the settlement, then he shall receive the above-named percentage, and all attorney's fees awarded by the court.'" 1b. "Because said petition and amendment thereto is an attempt on the part of the plaintiff to hold within his power and representation of Mrs. Evelyn Hartley as plaintiff against her said husband the right to agree to a reconciliation between husband and wife, Mr. and Mrs. G. B. Hartley, when such representation on his part could only extend to the extent desired by his client, Mrs. Evelyn Hartley, and he could not make a legal agreement with Mrs. Evelyn Hartley, his client, in a divorce proceeding, that she, his client, could not make a reconciliation with her husband without his consent—this not being a matter as between attorney and client, but being a matter as between husband and wife—and an attempt by contract to restrain and restrict and penalize a reconciliation as between husband and wife is against public policy and is not a contractual matter as between attorney and client." 2. "Defendant demurs to paragraph 1 of plaintiff's petition and asks that same be stricken upon the ground that same is irrelevant, immaterial,

makes no issue, is contrary to public policy, is not within the right of either party to make such a contract as in said paragraph contained, and is a violation of law and the principles of justice."

The court rendered the following judgment on the demurrer: "It is . . adjudged by the court that grounds a and b of ground number one and ground number two of said demurrer be and they are hereby sustained, and that the petition be dismissed. 13 Corpus Juris, § 406, page 464. The court does not pass upon the special grounds of said demurrer." While the court had the disposition of the demurrer under consideration the plaintiff offered a second amendment, as follows: "Count 2. That plaintiff represented defendant as attorney at law, as alleged in the original petition and amendment, at her request, and rendered services to her which were of value to her, and which she accepted, and the reasonable value of said services is . . $250, which plaintiff prays that he may recover from her." The court disallowed this amendment, and exception was taken to this judgment. Exception was also taken to the judgment sustaining grounds a and b of ground 1 and ground 2 of the demurrer.

It is the public policy of this State to maintain the family relation and to permit the settlement of matrimonial differences for that purpose. Code, §§ 53-107, 53-108; *Keefer* v. *Keefer,* 140 *Ga.* 18 (78 S. E. 462, 46 L. R. A. (N. S.) 527); *Overstreet* v. *Overstreet,* 144 *Ga.* 294 (87 S. E. 27); *Bennett* v. *Bennett,* 157 *Ga.* 848, 852 (122 S. E. 616). Upon the question of public policy, several cases from other States are cited in the *Keefer* case. One of these is Jordan *v.* Westerman, 62 Mich. 170 (28 N. W. 826, 4 Am. St. R. 836), the headnote of which reads: "Contract by wife to pay her solicitors one half of alimony to be recovered by her in a suit of divorce, as compensation for their services in such suit, is void as against public policy." The *Keefer* case quotes with approval from the body of the Jordan case as follows: "Public policy is interested in maintaining the family relation. The interests of society require that those relations shall not be lightly severed, and that families shall not be broken up for inadequate causes, or from unworthy motives; and where differences have arisen which threaten disruption, public welfare and the good of society demand a reconciliation, if practicable or possible. Contracts like the one in question tend directly to prevent such reconciliation, and, if

legal and valid, tend directly to bring around alienation of husband and wife by offering a strong inducement, amounting to a premium, to induce and advise the dissolution of the marriage ties as a method of obtaining relief from real or fancied grievances which otherwise would pass unnoticed." In his judgment, the court in the instant case cites 13 C. J., 464, § 406. A portion of that paragraph reads as follows: "An agreement between attorney and client as to compensation is not illegal, although contemplating a proceeding to secure a divorce, unless it involves the personal interest of the attorney in preventing a reconciliation between the parties, as where it is contingent on success, or is measured by the amount of alimony secured." Among the cases cited to support the text is McConnell v. McConnell, 98 Ark. 193 (136 S. W. 931, 33 L. R. A. (N. S.) 1074), which in turn follows Jordan v. Westerman, supra. The following concise statement appears in 5 Am. Jur. 361, § 166: "A contract for the payment of a fee to an attorney contingent upon his procuring a divorce for his client or contingent in amount upon the amount of alimony to be obtained is void as against public policy."

Under the foregoing authorities that part of the contract fixing the attorney's fee at one fifth of the alimony recovered, plus the attorney's fee allowed by the court, was void. We think, however, that the contract under consideration is a severable contract, and that the invalidity of the foregoing provision does not vitiate the following part of the contract which we deem valid: "In the event that I should have a reconciliation with my husband, or should in any way settle said alimony case without the consent of said Randall Evans Jr., then I agree to pay to him the sum of . . $250 for representing me in this action; that is, for bringing said action and representing me up until the point when said settlement is effected." Code, § 20-112, provides: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such cases is determined by the intention of the parties." The petition alleges that the latter part of the contract was fully complied with by the plaintiff, that suit was filed, hearing had, and an order passed, and that some three months later the husband and wife effected a reconciliation. "In determining whether the contract

is entire or severable the criterion is to be found in the question whether the whole quantity, service, or thing—all as a whole—is the essence of the contract. If it appear that the contract was to take the whole or none, then the contract would be entire. Clark Con. 657." *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (91 S. E. 913); *Glass* v. *Grant*, 46 *Ga. App.* 327 (167 S. E. 727), and cit. *Chandler* v. *Johnson*, 39 *Ga.* 85, 90. It can not be questioned that the defendant in this case agreed to pay her attorney the sum of $250 for filing the suit and representing her up to the time of any reconciliation or settlement. This part of the contract may stand alone, and is the clear and expressed intention of the parties. It does not appear that the provision as to the payment of one fifth of the alimony as attorney's fees was to apply in such a case and under such a state of facts. Therefore, the fact that the agreement for a contingent fee was void, as being against public policy, will not vitiate this valid provision of the contract which has been fully complied with by the attorney. The plaintiff had the right to proceed under the valid part of the severable contract, and the court erred in sustaining the demurrer and dismissing the case.

We are also of the opinion that the court erred in disallowing the amendment setting out the quantum meruit count. In the case of McCurdy *v.* Dillon, 135 Mich. 678 (98 N. W. 746), it was said: "Where an attorney's contract for compensation for services rendered a married woman was void as against public policy, he could recover what his services were reasonably worth." See 2 R. C. L. 1046, § 128. This appears to be the prevailing rule. See notes in 30 A. L. R. 191. In *Keefer* v. *Keefer*, supra, this observation was made: "The situation of the attorneys in this case is not so unfortunate as it might seem at a casual glance. It appears that their client and her husband are both amply solvent; and the ruling here made only goes to the extent of holding that the attorneys can not intervene in this suit, or obtain a judgment for fees therein, or prevent its dismissal." Of course, the general rule is: "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." Code, § 3-107. The plaintiff can not introduce an entirely new cause of action; but if he adhere to the original cause of action, he may add a count sub-

stantially different from the declaration. *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385); *City of Columbus* v. *Anglin,* 120 *Ga.* 785, 794 (48 S. E. 318). "A suit to recover for services, rendered as under a contract of employment in which the amount to be paid *was stipulated,* may be amended by the addition of a new count predicated upon the same transaction and seeking a recovery of the value of the services as under a contract of employment in which the amount to be paid *was not stipulated." Kraft* v. *Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812). The court erred in refusing to allow the case to be amended by adding the quantum meruit count.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*