33976.   ITELD *et al. v.* KARP.

DECIDED MARCH 19, 1952—REHEARING DENIED APRIL 2, 1952.

836

*Stanley P. Meyerson, Hal Lindsay, Travers Hill,* for plaintiffs in error.

*Robert Carpenter, Ferrin Mathews,* contra.

*Lewis Cenker,* amicus curiae.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is earnestly contended by able counsel for the plaintiff in error that the general demurrer and objections to the amendment should have been sustained upon the theory that the original petition shows an express contract between the parties to perform an illegal service, i.e., to prevent Julius Iteld from being formally charged with and convicted of a criminal offense; to influence the minor prosecutrix and her relatives and guardian not to press charges against him; that the plaintiff did in fact perform illegal acts, i.e., he used his influence to cause the authorities to book the defendant on a less serious charge to prevent the grand jury from returning a true bill, and also influenced the guardian and relatives of the girl not to press charges; that, in consequence, the petition shows on its face that the contract was for the performance of illegal acts; and that no rights could thereby accrue to either party. If we agreed with this contention as a premise, the conclusion would follow as a matter of law. See Code, §§ 4-201, 20-504, 20-305; *Frick* v. *Moore,* 82 *Ga.* 159 (8 S. E. 80); *Rhodes* v. *Neal,* 64 *Ga.* 704 (37 Am. R. 93); *McConnell* v. *Cherokee National Bank of Rome,* 18 *Ga. App.* 52 (88 S. E. 824); *Abbott* v. *Free,* 36 *Ga. App.* 191 (136 S. E. 108).

However, the contract of employment, as alleged in paragraph 7, is merely, "for the purpose of representing Julius Iteld," and an agreement to pay for these services. This of itself is not illegal. It is a primary function of attorneys to represent clients who are in legal difficulties. The contract of employment as alleged does not suggest that the attorney was retained to represent his client in an illegal manner, and it will not be presumed that a contract which appears lawful on its face was in fact made for an unlawful purpose. Pursuant to this contract, it is alleged that the attorney proceeded to do certain acts which—assuming them to be unlawful—were nevertheless not a part of the original contract of employment so far as appears from the petition. Subsequently the plaintiff struck the allegations as to questionable acts done by him for which he sought compensation, and

left allegations as to other acts, such as conferences, investigations, and so on, and sought recovery solely for these acts. The contract of employment being a lawful one for legal services, and no amount being specified therein, the plaintiff is entitled to be paid on a quantum meruit basis for all acts lawfully done thereunder which reasonable diligence and skill required him to do to properly represent his client. See Code, § 3-107; *O'Neal* v. *Spivey*, 167 *Ga.* 176 (3) (145 S. E. 71).

In *Evans* v. *Hartley*, 57 *Ga. App.* 598 (196 S. E. 273), it was held that, where an attorney sought recovery for services under a contract which was illegal in part, it was error not to allow an amendment to the petition seeking recovery on a quantum meruit basis for that part of the services which was legal. On the other hand, it was held in *Sapp* v. *Davids*, 176 *Ga.* 265 (168 S. E. 62, 85 A. L. R. 1361), that where the original contract was entirely void as contrary to public policy in its totality, an amendment seeking recovery on quantum meruit for the same services set out in the contract would not be allowed. Had the entire contract here been for the unlawful purpose of quashing the prosecution, it could not have proceeded, on a quantum meruit basis or otherwise. Since it appears, however, that the contract itself was merely for the legal purpose of representing a client charged with crime, the plaintiff may recover for the usual and necessary lawful services performed in connection therewith, although it goes without saying that he cannot recover for acts contrary to public policy, even though done on behalf of his client.

■ "A petition showing a plaintiff and a defendant and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action shall be enough to amend by." Code, § 81-1302. "Amendment is a resource against waste. . . The declaration must contain enough from the beginning to indicate a subject matter for adjudication, and to classify it as tort, contract, or something over which the court has jurisdiction. But the subject matter need not, as first described in the declaration, be a complete cause of action, though it must be some kind of subject matter of which a cause of action, if fully developed, would or might consist. And it must go further than this; the declaration must enable the court to see both the terms of comparison to be used in ascertaining the exact difference between

what is in it and what would under the law be good. With both these terms the amendment offered must be compared, and if it would fill the gap, there is, so far as mere quantity is concerned, enough to amend by." *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691, 707 (13 S. E. 809). Applying these tests, the original declaration here sufficiently stated a plaintiff, a defendant, and a subject matter (a contract to perform legal services), and accordingly contained enough to amend by.

■ As to the qualitative restrictions on amendments—"Any cause of action whatever would be new and distinct if no trace of it could be found in the declaration." *Ellison* v. *Georgia R. Co.*, supra. The amendment here sought to recover "the reasonable value of the services rendered in connection with investigating all of the facts in said case which were necessary for an attorney to adequately represent said defendants," which merely amplified the allegations of the original petition, to the effect that the attorney represented the defendant in the matter and investigated the case. No special demurrer attacked the amendment on the ground of lack of particularity. The amendment did not add a new cause of action, and was not objectionable for any reason assigned.

The trial court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*