## 54579. GENINS v. GEIGER et al.

SHULMAN, Judge.

Appellees, husband and wife, brought an equitable petition to cancel certain security instruments executed in favor of appellant-attorney. Appellees argued, in part, that the instruments were void as being tainted by a contract wherein appellant allegedly agreed to represent appellee-husband in a criminal prosecution for a contingency fee. Appellant defended by asserting that the original agreement was valid and that, even if the original agreement were invalid, a subsequent amendment purged any alleged illegality.

The trial court held that the contract was void as against public policy and canceled the instruments. After the equitable features were removed from the case, the case was submitted to a jury to determine (1) whether appellant had wrongfully abandoned or breached any implied agreement between attorney and client and (2) if appellant had not breached or abandoned but rather was discharged, whether appellant was entitled to be compensated for the reasonable value of services rendered (quantum meruit). This appeal follows a judgment entered on a jury verdict in favor of appellees husband and wife.

1. Appellant urges that the trial court erred in denying his motions for directed verdict and judgment notwithstanding the verdict on the issues of abandonment and breach of contract. He argues that appellee testified that the alleged abandonment occurred on a particular day of the criminal trial. Appellant submits that appellee's contention is controverted by the transcript of the criminal trial and the testimony of two attorneys who were present at the criminal trial. This argument must fail.

Appellee was not limited by his testimony to establishing abandonment only on the particular day alleged. See Code Ann. § 81A-115. There was sufficient evidence to authorize a finding of abandonment.

2. The trial court held the attorney-client contract void on the grounds that it provided for a contingency in a criminal prosecution and refused to charge the jury on

recovery under a contract theory. Rather, the case was submitted to the jury solely under a quantum meruit theory of recovery. Appellant contends that this ruling constituted reversible error.

The original contract clause provided for payment of a fixed retainer fee for representation in criminal proceedings; a fixed sum payable on the first day of trial, and payment of a sum certain in the event of a favorable final nonappealable disposition of the case regardless of how this favorable disposition came about.

A. Because there was no agreement to relieve the client of the costs and expenses of litigation, this is not a champertous contract. See *Moses v. Bagley & Sewell,* 55 Ga. 283 (5). Cases holding such contracts void against public policy and barring quantum meruit recovery (see, e.g., *Sapp v. Davids,* 176 Ga. 265 (168 SE 62)) do not apply. Nor is this a case involving intrinsically illegal acts which void the contract as being contrary to public policy in its totality. See, e.g., *Cates v. Kelley,* 55 Ga. App. 786 (191 SE 384) (contract between layperson and lawyer wherein former agreed to find witnesses and share in fee void against public policy; no recovery on contract).

B. The contractual provision which expressly provides for payment of $25,000 contingent on a disposition of the criminal charges favorable to appellee-client is void as against public policy. Cf. *Evans v. Hartley,* 57 Ga. App. 598 (196 SE 273) (contingency fee provision in divorce action is void as against public policy). See also Restatement of Contracts § 542 (2) (declaring contracts involving a contingency fee in a criminal prosecution illegal); Directory Rule 2-106 (c) promulgated pursuant to Code Ann. § 24-4542 (also proscribing such arrangements; effective July 1, 1971). The fact that an arrangement for a contingency fee is void will not preclude recovery on a quantum meruit basis. See *Evans v. Hartley,* supra, p. 603, citing McCurdy v. Dillon, 135 Mich. 678 (98 NW 746), with approval. This is in accord with the rule that "although there may be no recovery on the [void contingency provision of the] contract itself, recovery in quantum meruit is ordinarily permissible . . . if the services themselves are not intrinsically illegal, or the conduct surrounding

execution of the contract violates no overriding public interest, and the services are of a compensable nature." 100 ALR2d 1378, § 2. Here "the contract itself was merely for the legal purpose of representing a client charged with crime . . . (and the attorney) may recover for the usual and necessary lawful services performed in connection therewith, although it goes without saying he cannot recover for *acts* contrary to public policy . . ." *Iteld v. Karp,* 85 Ga. App. 835, 838 (70 SE2d 378) (emphasis supplied) (unlawful acts alleged therein: attempts to suppress criminal prosecution). The judge, therefore, properly submitted the case to the jury on a quantum meruit theory.

C. Appellant contended, and evidence was presented, that a subsequent amendment to the contract constituted a novation which purged any illegality. Under the terms of this alleged amendment, a clause providing for payment of a sum certain upon reinstatement of appellee's medical license was substituted in lieu of the express contingency fee. We need not decide the legality of the reinstatement provision (i.e., whether the clause is sufficiently removed from the criminal prosecution so as not to call for a contingency fee in a criminal prosecution) because appellee's license was not reinstated.

It cannot be questioned that appellee agreed to pay appellant a fixed retainer fee and a fixed amount payable on the first day of the trial for representation in a criminal prosecution. Under the alleged novation, this part of the contract may stand alone. See *Evans v. Hartley,* supra, p. 603. Therefore, even if the arrangement calling for payment of a fee contingent upon reinstatement of appellee's medical license were void as being against public policy, this ". . . will not vitiate this valid provision of the contract [concerning representation in the criminal prosecution]. . . The plaintiff had the right to proceed under the valid part of the severable contract, and the court erred in . . . (refusing to present this issue to the jury)." *Evans v. Hartley,* supra, p. 603.

D. However, we hold that this error under the circumstances of this case did not constitute reversible error. The contractual provision requiring payment of a

fixed retainer fee and a sum certain on the first day of trial contemplated representation in the criminal prosecution. Under the terms of this contract, the whole service was the essence of the contract insofar as representation is concerned, and that portion of the contract is entire. Code Ann. § 20-112. (Our holding in Division 2C is only that the contingency clause is severable). See generally 3A Corbin on Contracts 277, § 694 fn. 46 (a contract may be declared to be "entire" and "divisible" at the same time).

The court properly charged the jury that if they found appellant-attorney had wrongfully abandoned the criminal case, then the jury was to find in favor of client-appellee. The jury was also instructed that if they found that the attorney had been wrongfully discharged by the client and that the attorney did not abandon the criminal prosecution, then they were to find for attorney-appellant. He further instructed that if the jury found for attorney-appellant, damages, if any, were to be determined according to quantum meruit.

The jury found for appellee-client and appellee wife. Therefore, under the instructions as given, the jury found that the appellant-attorney had abandoned during the course of performance (i.e., during the criminal prosecution). " 'A party to an entire contract who has partly performed it and subsequently abandons the further performances according to its stipulations, voluntarily and without fault on the part of the other party or his consent thereto, can recover nothing for such part performance.' [Cits.]" *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 445 (154 SE2d 756). The remedy for recovery of the value of services rendered, if there was one, was in quantum meruit. As the case was submitted to the jury on this theory, no harmful error was committed.

3. By the time the civil action came to trial appellant had foreclosed on certain property pledged by appellee as security for the contract. Appellant contends that the court erred in refusing to inform the jury that a verdict in favor of appellees would necessarily require appellant to return proceeds from the foreclosed property to appellees. We disagree.

Defendant did not submit a written request to so charge. "Defendant's oral request . . . does not comply with

the provisions of Code Ann. § 70-207 (b) relating to requests to charge." *Wells v. State,* 126 Ga. App. 130, 134 (190 SE2d 106). In the absence of a timely written request, there could be no error.

Moreover, a reasonable juror could not have believed that a finding against appellant-attorney would authorize the attorney to retain proceeds from wrongful foreclosure. The jury was fully aware that the purpose of the lawsuit was to seek the return of funds and properties paid or pledged by appellees to appellant.

4. Appellant urges that the court committed prejudicial error by analogizing the contract to the type of contracts used by the underworld. A review of the charge shows that no such analogy was made. The judge merely used the "underworld" term "spring [a defendant]."

5. At trial below the record of the criminal trial in the Fulton County Superior Court was admitted into evidence (that record being the subject of the abandonment claim). See Code § 38-601 et seq. Appellant contends that it was error to admit a statement of the trial judge who presided over the criminal prosecution that "I want the record to show that this gentleman . . . [appellant-attorney] left this courtroom and abandoned this case on last Friday, and has not reported at anytime to this court." It is urged that the statement constituted prejudicial hearsay.

The statement complained of is not subject to the hearsay rule. *Hall v. State,* 141 Ga. App. 289 (2) (233 SE2d 262). Accordingly, the admission of this testimony was not error.

6. Appellant, citing Code Ann. § 38-1705, contends that he was denied his right of thorough and sifting cross examination. Appellant was not permitted to elicit testimony from appellee concerning whether appellee had failed to pay other attorneys in the past. This line of cross examination was properly disallowed. See Code Ann. § 38-202. Similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time and place. *W. Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (5) (198 SE2d 420).

7. Appellant complains that the court erred as to his

counterclaim seeking recovery for services rendered in failing to exclude testimony concerning the amount appellant had received by foreclosure on appellee's property. He also claims the court erred in directing a verdict as to appellee's wife who he contends wrongfully converted property in which appellant had a security interest by reason of his representation of appellee-client. The jury verdict in favor of appellee-client renders these enumerations immaterial. See Division 2C of this opinion.

8. Enumerations 14 through 17 are not argued in appellant's brief. Under the rules of this court they are deemed abandoned. *Power v. Tallant,* 137 Ga. App. 575 (224 SE2d 534).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED NOVEMBER 14, 1977 — REHEARING DENIED DECEMBER 5, 1977 — 

*R. John Genins,* pro se.

*Roman A. DeVille, Richard K. Greenstein, M. Francis Stubbs,* for appellees.